M. Caleb Meyer, Esq.
Nevada Bar No. 13379
Renee M. Finch, Esq.
Nevada Bar No. 13118
**MESSNER REEVES, LLP**
8945 West Russell Road, Suite 300
Las Vegas, NV 89148
Telephone:  (702) 363-5100
Facsimile:   (702) 363-5101
E-mail:        cmeyer@messner.com
                    rfinch@messner.com
*Attorneys for Defendant*
*State Farm Mutual Automobile Insurance Company*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JENNIE KIM, an Individual; | Case No.: 2:24-cv-00281 |
| Plaintiff, | |
| v. | **STIPULATED PROTECTIVE ORDER** |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, a Foreign Corporation; DOES 1 through 25, inclusive; and ROE CORPORATIONS 1 through 25, inclusive, | |
| Defendants. | |

The Parties, by and through their undersigned counsel, hereby submit this Stipulated Protective Order and state as follows:

A.     State Farm Mutual Automobile Insurance Company ("State Farm") possesses certain information and documents that contain confidential, proprietary, or trade secret information that may be subject to discovery in this action, but that should not be made publicly available.

B.     The Parties therefore request that the Court enter the following Protective Order to properly balance the discovery rights of the Plaintiff with State Farm's rights to protect its private, confidential, proprietary, or trade secret information.

The Court ORDERS:

1. All production and disclosure of information designated as CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER, by State Farm during this litigation shall be governed by this Order, including, but not limited to, information contained in or derived from documents, deposition testimony, deposition exhibits, trial testimony, computer memory or archives, other written, recorded or graphic matter, and all copies, excerpts, or summaries thereof (collectively, "information").

2. Information subject to this Protective Order shall be designated CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER by State Farm by stamping "CONFIDENTIAL," "TRADE SECRET," or otherwise indicating confidentiality, trade secret or produced subject to this Protective Order, as appropriate, on the face of a single-page document, on at least the initial page of a multi-page document, and in a prominent location on the exterior of any tangible object. Any electronically stored information may be designated as CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER through a correspondence providing the media and a hard copy or printout shall be treated as protected material of the same designation. Designation may only be made after a good faith review by counsel of record and counsel making a designation shall comply with the standards set forth in Fed. R. Civ. P. 26(g) when designating information as CONFIDENTIAL, TRADE SECRET or SUBJECT TO PROTECTIVE ORDER.

3. With respect to deposition testimony, State Farm may, either on the record at the deposition or by written notice to counsel for Plaintiff no later than thirty-five (35) days after receipt of the transcript of said deposition, designate portions of testimony as CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER. All testimony, regardless of whether designated as CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER on the record, shall be treated as CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER until thirty-five (35) days after receipt of the transcript of said deposition by all parties. Certain depositions may, in their entirety, be designated CONFIDENTIAL, TRADE SECRET, or SUBJECT TO

PROTECTIVE ORDER prior to being taken because of the anticipated testimony. **Furthermore, any document designated as CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER shall maintain that designation and the protections afforded thereto if introduced or discussed during a deposition**.

4. The inadvertent or unintentional disclosure by State Farm of information considered to be CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER shall not be deemed a waiver in whole or in part of State Farm's claim of protection pursuant to this Protective Order, either as to the specific information disclosed or as to any other information relating thereto. Any such inadvertently or unintentionally disclosed information shall be designated as CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER as soon as reasonably practicable after either party becomes aware of the erroneous disclosure and shall thereafter be treated as such by all receiving persons absent re-designation pursuant to Court order. Upon receipt of the properly designated documents, the recipient must return or destroy the non-designated set within three (3) days. If the recipient destroys the documents, then the recipient must provide written certification of the destruction to the producer of the information within three (3) days of receipt of the properly designated documents. In addition, the production or disclosure by State Farm of an attorney-client privileged, attorney work product, or other protected document or information, whether inadvertent or otherwise, shall not be deemed a waiver of the privilege, work product, or other protection or immunity from discovery by State Farm in this or any subsequent state or federal proceeding pursuant to Federal Rule of Evidence 502 regardless of the circumstances of disclosure. If any party becomes aware of the production or disclosure of such protected information by State Farm, that party shall provide written notice of such production or disclosure within three (3) days after it becomes aware that protected information has been disclosed or produced.

5. When information which is CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER is presented, quoted or referenced in any deposition, hearing, trial or other proceeding, counsel for the offering party shall make arrangements or, when appropriate, request the

Court to make arrangements, to ensure that only persons entitled to such information pursuant to Paragraph 8 are present during such presentation, quotation or reference.

6. Subject to the requirements of Paragraph 10 of this Agreement, no person receiving information designated as CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER shall disclose it or its contents to any person other than those described in Paragraph 8 below; no such disclosure shall be made for any purposes other than those specified in that paragraph; and in no event shall such person make any other use of such information. Counsel shall be responsible for obtaining prior written agreement to be bound to the terms of this Agreement pursuant to Paragraph 8 below. Counsel shall be responsible for maintaining a list of all persons to whom any information so designated is disclosed and, for good cause shown, such list shall be made available for inspection by counsel for State Farm upon order of the Court; provided, however, that the requirements of this sentence shall not apply to disclosures made pursuant to Paragraphs 8(h) and/or 10 of this Protective Order.

7. Except as agreed by State Farm or as otherwise provided herein, including in Paragraphs 8(h) and 10 of this Protective Order, information designated as CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER shall (1) only be used in the preparation for trial and/or any appeal of this Action and (2) be maintained in confidence by the party(ies) to whom it is produced and not disclosed by such party(ies) except to persons entitled to access thereto pursuant to Paragraph 8 below.

8. Information designated as CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER by State Farm shall be disclosed only to the following persons:

    (a) attorneys actively working on or supervising the work on this case;

    (b) persons regularly employed or associated with the attorneys actively working on this case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

    (c) the parties, including designated representatives and counsel for the entity defendant;

(d) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case and the expert or consultant has signed a written acknowledgement attached as *Exhibit A*;

(e) the Court and its employees ("Court Personnel");

(f) stenographic and video reporters who are engaged in proceedings necessarily incident to the conduct of this action;

(g) deponents, witnesses, or potential witnesses, who have first-hand knowledge of the document and have signed a written acknowledgment attached as *Exhibit A*;

(h) the Nevada Division of Insurance, law enforcement officers, and/or other government agencies, as permitted or required by applicable state and federal law;

(i) a jury involved in litigation concerning the claims and any defenses to any claims in this lawsuit;

(j) anyone as otherwise required by law;

(k) as authorized by the parties specifically with the written consent of the designating party and who has signed a written acknowledgment attached as *Exhibit A*; and

(l) other persons by written agreement of the parties when the person has signed a written acknowledgement attached as *Exhibit A*.

9. Subject to Paragraph 10 of this Protective Order, the recipient of any information designated CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER pursuant to this Agreement shall maintain information in a secure and safe area and shall exercise due and proper care with respect to the storage, custody and use of all such information.

10. Nothing in this Protective Order disallows State Farm's maintenance or use of information and documents in or pursuant to: its electronic claim system; the privacy requirements of the Nevada Division of Insurance and other applicable state and federal laws; the records retention requirements of

the Nevada Division of Insurance, the Nevada Rules of Professional Conduct, or other applicable state and federal laws; the records retention practices of State Farm; and any written Court Order. Further, nothing in this Protective Order disallows reporting of information by State Farm as permitted and/or required by applicable state and federal law, including NRS 680A *et seq.* including reporting to the Insurance Services Office, Inc.

11. Plaintiff may, at any time during the pendency of this lawsuit, request from State Farm, in writing, the release of information designated as CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER from the requirements of the terms and provisions of this Protective Order. Upon receipt of such request, counsel for State Farm and counsel for Plaintiff shall attempt to meet and confer. If the parties are unable to agree as to whether the information at issue is properly designated CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER, any party may raise the issue of such designation with the Court pursuant to the Court's Practice Standards. Any information submitted to the Court for review shall be submitted under seal and for in camera review. Pending a ruling from the Court, State Farm's designation shall control.

12. Nothing in this Protective Order shall preclude any party from responding to a validly issued subpoena, provided, however, that the party responding to the subpoena shall provide written notice of such subpoena to the attorney of the party that originally produced the documents within three (3) days of receipt of a subpoena, which seeks production or disclosure of the information which is designated CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER. Production or disclosure of information which is designated CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER may not occur until the deadline set forth in a validly issued subpoena, absent agreement of the parties.

13. Nothing in this Protective Order shall be construed as a limitation on the use of evidence in a submission to the Court or at trial, subject to such confidentiality provisions as may be ordered by the Court. However, prior to utilizing or filing a document which is designated CONFIDENTIAL,

TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER, Plaintiff must provide notice to State Farm of its intentions. State Farm may then request that the document be filed with restricted access or under seal. Furthermore, any party shall have the right to request that any hearing or portions thereof be conducted in camera. The Court shall retain jurisdiction to modify the terms of this Protective Order.

14. The obligations of this Protective Order shall survive the termination of this action and continue to bind the parties and their counsel. The Court will have continuing jurisdiction to enforce this Protective Order irrespective of the manner in which this action is terminated.

15. Within thirty-five (35) days of the final determination of this action, each person or party who has received information designated CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER shall be obligated to return the same to State Farm, including any copies, or to destroy such information and certify that it has been destroyed, except that the recipient need not destroy or return transcripts of depositions and materials filed with the Court, and party may retain one archival copy of all pleadings in the action, regardless of whether such pleadings (including appendices) contain or refer to information designated CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER; subject to the legal requirements for maintenance and destruction of client files by the parties' counsel. Within seven (7) days of the final determination of this action, counsel of record who has provided information designated CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER to other individuals must inform those individuals that the matter has reached final determination and remind them of the return or destruction obligation.

16. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

17. Nothing in this Protective Order shall prohibit any party from filing a motion seeking further or different protection from the Court, or from filing a motion with respect to the manner in which the information designated CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER shall be treated at trial.

18. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with LR IA 10-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to LR IA 10-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to LR IA 10-5 is denied by the court, then the Receiving Party may file the information in the public record pursuant to LR IA 10-5 unless otherwise instructed by the court.

**IT IS SO STIPULATED:**

Dated this 26th day of July, 2024.

MESSNER REEVES, LLP

/s/ Renee M. Finch
M. Caleb Meyer, Esq.
Nevada Bar No. 13379
Renee M. Finch, Esq.
Nevada Bar No. 13118
*Attorneys for Defendant*

Dated this 26th day of July, 2024.

KANG & ASSOCIATES, PLLC

/s/ Paul Wolfram
Patrick W. Kang, Esq.
Nevada Bar No.: 10381
Kyle R. Tatum, Esq.
Nevada Bar No.: 13264
Christian Z. Smith, Esq.
Nevada Bar No.: 8266
Paul H. Wolfram, Esq.
Nevada Bar No.: 16025

IT IS SO ORDERED.

_____
UNITED STATES MAGISTRATE JUDGE
DATED: July 26, 2024